UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ASHLIE HAMEL,<br><br>Plaintiff,<br><br>vs.<br><br>PERFORMANT RECOVERY, INC., fka DIVERSIFIED COLLECTION SERVICES, INC.; and DOES 1 through 10, inclusive,<br><br>Defendant. | Civil Action No.:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Ashlie Hamel, an individual consumer, against Defendant Performant Recovery, Inc., fka Diversified Collection Services, Inc. for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, as well as for illegal invasions of Plaintiff's privacy.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1337.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Ashlie Hamel is a consumer, a natural person allegedly obligated to pay any debt, residing in Ingham County, in the state of Michigan.

4. Defendant, Performant Recovery, Inc., fka Diversified Collection Services, Inc. is a foreign company engaged in the business of collecting debt in this state with its principal place of business located in Alameda County, in the state of California. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to September 12, 2012.

9. Within one (1) year preceding the date of this Complaint and during the first thirty (30) days of communicating with Plaintiff, Defendant, in connection with the collection of the alleged debt, demanded immediate payment on the alleged debt without also informing Plaintiff that Plaintiff could dispute the validity of the alleged debt and/or ask for validation of it, and thereby overshadowed the Plaintiff's right to dispute and/or seek validation of the alleged debt.

10. Upon information and belief, within one year prior to the filing of this complaint, Defendant threatened to take Plaintiff's assets from her itself, when it cannot do so.

11. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed and frustrated, amongst other negative emotions.

## V.   FIRST CLAIM FOR RELIEF

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

   b) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

    c) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

    d) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

14. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff Ashlie Hamel for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI. SECOND CLAIM FOR RELIEF

15. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of violations of the Michigan Occupational Code ("MOC"), MCL § 339.901 et seq.; including, but not limited to, each and every one of the above-cited provisions of the MOC.

17. Defendant violated MCL § 339.915(e) because Defendant made inaccurate or untrue statements in stating that it would take Plaintiff's assets from her itself, when it cannot do so.

18. The above violations were committed willfully by Defendant. Plaintiff suffered damage, injury and/or loss because Defendants calls caused her emotional distress.

19. Plaintiff expects that Defendant follow state and/or federal law in collecting debts.

20. As a result of each and every Defendant's violations of the MOC, Plaintiff is entitled to the greater of statutory damages of $150.00 or three times actual damages and is entitled to reasonable attorney's fees and costs pursuant to MCL § 399.916(2) from each and every Defendant herein.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Performant Recovery, Inc. fka Diversified Collection Services, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and the MOC.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Ashlie Hamel demands trial by jury in this action.

DATED: August 06, 2013

                                        RESPECTFULLY SUBMITTED,

                                        By: _/s/ Michael Agruss___
                                        Michael S. Agruss
                                        Agruss Law Firm, LLC
                                        22 W. Washington St., Suite 1500
                                        Chicago, IL 60602
                                        Tel: 312-224-4695
                                        Fax: 312-253-4451
                                        michael@agrusslawfirm.com
                                        *Counsel for Plaintiff,*
                                        *Ashlie Hamel*